**In Re: Nominating Petition of Barbara MAY for Judge of the Common Pleas Court of Montgomery County, Pennsylvania**

**Objection of: Brian Miles.**

Commonwealth Court of Pennsylvania.

Decided April 1, 2009.
Publication Ordered May 5, 2009.

1. While most criminal appeals come from the defense, a limited number of appeals come from the Commonwealth.

Robert J. Kerns, Upper Gwynedd, for petitioner.

Philip J. Berg, Lafayette Hill, for respondent.

OPINION BY Judge COHN JUBELIRER.

Brian Miles (Objector) has filed a Petition to Set Aside the Nomination Petition of Barbara May (Petition to Set Aside), seeking to prevent Barbara May's name from appearing on the primary ballot as a

Republican candidate for Judge of the Court of Common Pleas of Montgomery County, Pennsylvania. The Petition to Set Aside alleges that May is disqualified from appearing on the primary ballot because, at the time she filed her Nomination Petition, she held the position of committeewoman in an Election District known as Franconia Northwest in Montgomery County, Pennsylvania. Objector alleges that holding such a position is in violation of Canon 7(A)(1) of the Code of Judicial Conduct, which provides that a candidate for election to a judicial office should not be an officer in a political organization.[1]

In compliance with our Scheduling and Case Management Order dated March 17, 2009, the parties filed a timely Stipulation with this Court on March 24, 2009. A hearing was held before the undersigned on March 25, 2009. Neither Objector nor May presented any witnesses at the hearing. Counsel for the parties stipulated that May resigned as a committeewoman as of the date of the hearing, March 25, 2009.

■ In determining whether a candidate is precluded from being placed on the primary election ballot, we turn first to the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600–3591, which sets out the statutory requirements that a candidate must meet in order to be placed on a primary election ballot. Section 907 of the Election Code, 25 P.S. § 2867, provides that *nomination* petitions must be filed by a candidate in a "form prescribed by the Secretary of the Commonwealth, [and] signed by duly registered and enrolled members of such party who are qualified electors of the State or of the political district, as the case may be, within which the nomination is to be made or election is to be held." A nomina-

tion petition must have a circulator's affidavit appended thereto, Section 909 of the Election Code, 25 P.S. § 2869, and each candidate for office must file an affidavit with her nomination petition. Section 910 of the Election Code, 25 P.S. § 2870. Finally, in addition to the requirements set out in the Election Code, Section 1104(b) of the Public Official and Employee Ethics Act (Ethics Act), 65 Pa.C.S. § 1104(b), also requires a candidate to timely file a statement of financial interests and to append the statement to the nomination petition in order to be placed on the primary ballot. We read the requirements relating to nomination petitions in both statutes, the Election Code and the Ethics Act, *"in pari materia*, as they relate to the same subject matter." *In re Nomination of Paulmier*, 594 Pa. 433, 442, 937 A.2d 364, 369 (2007). Thus, a candidate is barred from remaining on the ballot if a candidate violates Section 1104 of the Ethics Act or the Election Code. *Id.* at 445, 937 A.2d at 371; *In re Nomination Petition of Shimkus*, 946 A.2d 139, 153–54 (Pa.Cmwlth.2008).

Here, Objector does not allege that May failed to meet the applicable statutory requirements in the Election Code or the Ethics Act for being placed on the primary election ballot for common pleas judge. Rather, Objector contends that May is ineligible to remain on the ballot because she violated Canon 7(A)(1) of the Code of Judicial Conduct, which provides:

**Canon 7. Judges should refrain from political activity inappropriate to their judicial office**

**A. Political conduct in general.**

(1) A judge or a candidate for election to judicial office should not:

(a) act as a leader or hold any office in a political organization.

---

1. Objector also challenged one-hundred twenty-four (124) of the signatures obtained by

May; however, Objector agreed to withdraw all of the signature challenges.

. Objector argues that, notwithstanding May's resignation, May was a committeewoman and acted in that capacity at the time she filed and circulated her Nomination Petition. As such, Objector contends that May violated Canon 7(A)(1) of the Code of Judicial Conduct because she held an office in a political organization, and such a defect is fatal to her remaining on the primary ballot. Objector argues that this Court must create a remedy for May's violation of Canon 7(A)(1), just as the courts have done when candidates have violated the Ethics Act by filing untimely or faulty statements of financial interests, and that the remedy should prevent May from appearing on the primary ballot.

May presents two arguments in opposition. First, she argues that a candidate's compliance with the Code of Judicial Conduct is not a basis for setting aside a nomination petition because that requirement is found neither in the Election Code, nor case law. Second, May argues that, even if there was such a requirement, she did not violate Canon 7(A)(1) because it states that candidates "should not" hold an office in a political organization, it does not state that candidates "shall not" do so, and thus, does not use mandatory language.

∎ With regard to the first argument, we agree with May that neither the Election Code nor the Ethics Act require candidates for judicial office to conform to the Canons of the Code of Judicial Conduct in order to be placed on an election ballot. Unlike the Ethics Act, which mandates that a statement of financial interests must be appended to a petition to appear on an election ballot, the Code of Judicial Conduct does not specifically refer to nomination petitions. Moreover, the Election Code does not specifically incorporate or reference the Code of Judicial

Conduct, and there is no statutory authority or case law requiring that the two be read *in pari materia*. Because this Court is charged with liberally construing the Election Code to protect a candidate's right to run for public office as well as a voter's right to elect a candidate of her choice, *In re Nomination Petition of Driscoll*, 577 Pa. 501, 508, 847 A.2d 44, 49 (2004), this Court declines to accept Objector's argument that a candidate's ethical conduct under the Code of Judicial Conduct during a campaign is a basis for challenging a nomination petition.

∎ There are appropriate tribunals that have jurisdiction to hear a claim that a candidate's conduct during a campaign is in violation of the Code of Judicial Conduct. An unsuccessful lawyer-candidate is subject to the jurisdiction of the Disciplinary Board of the Supreme Court, while a judge-candidate will be subject to the jurisdiction of the Court of Judicial Discipline. *In re David Paul Miller*, 759 A.2d 455, 458 (Pa.Ct.Jud.Disc.2000). In this case, the Disciplinary Board would be the proper tribunal to determine whether being a committeewoman at the time May filed her Nomination Petition violated Canon 7. It is not this Court's role to draw inferences as to a candidate's fitness for office from that candidate's alleged compliance or non-compliance with the Canons of the Code of Judicial Conduct. Such inferences form no statutory basis for precluding one from running for public office, and fall outside our purview. Because Objector does not allege that May has failed to comply with the applicable requirements of the Election Code and Ethics Act, we deny Objector's Petition to Set Aside. We, therefore, do not reach the issue of whether May violated the Code of Judicial Conduct.[2]

**2.** Assuming this Court did have jurisdiction to

review a judicial candidate's conduct during a

## *O R D E R*

**NOW,** April 1, 2009, after the hearing held March 25, 2009 on the Petition to Set Aside the Nomination Petition of Barbara May filed by Brian Miles, said Petition to Set Aside is hereby denied.

The Chief Clerk of the Commonwealth Court is directed to notify all parties and counsel of record of the entry of this order and shall certify a copy hereof to the Secretary of the Commonwealth, who is directed to certify the name of Barbara May for inclusion on the 2009 primary ballot as a Republican candidate for Judge of the Court of Common Pleas of Montgomery County, Pennsylvania.

Each party shall bear his or her own costs.

campaign, we would still deny Objector's Petition to Set Aside. We agree with May that the language used in Canon 7(A)(1), "should not", does not have a mandatory connotation like the words "shall not." Further, we note that May has resigned from her position as committeewoman, and no longer holds a partisan position to influence voters in the upcoming election.